IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GUICHARD, | |
| Plaintiff, | No. C 04-4363 JSW |
| v. | **NOTICE OF TENTATIVE RULING AND QUESTIONS** |
| MANDALAY PICTURES, LLC, d/b/a MANDALAY ENTERTAINMENT, METRO-GOLDWYN-MAYER STUDIOS, INC., DOES 1-1,000, | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JULY 29, 2005 AT 9:00 A.M.:

The Court **tentatively** rules as follows: (1) the motion to dismiss claims 5 through 8 by Defendants Motion Picture Association of America, In., Sony Pictures Entertainment Inc., Warner Bros. Entertainment, Inc., Walt Disney Pictures and Television, Paramount pictures Corporation, Twentieth Century Fox Film Corporation, and Universal City Studios LLLP is GRANTED; (2) the motion for judgment on the pleadings on claims 5 through 8 by Defendants

Metro-Goldwyn-Mayer Studios Inc. and Mandalay Pictures LLC is GRANTED IN PART.

Each party will have fifteen minutes to address the following questions:

(1) Does the fact that the appeal of this Court's order denying Plaintiff's motion for preliminary injunction is still pending divest this Court jurisdiction to hear the pending motions, at least insofar as they pertain to the claims under the Lanham Act and California Business and Professions Code section 17200 *et seq.*? Should the Court grant the motions, what effect would that order have on the pending appeal?

(2) If Plaintiff cannot allege that he has attempted to register the title for his In2Blue motion picture project with the Title Registration Bureau ("TRB"), or that any member of the TRB has refused to produce or distribute his motion picture on account of any action by the TRB or its Rules, what injury can Plaintiff claim was actually caused by TRB that would confer him standing to allege an antitrust cause of action?

(3) The court in *Clorox Company v. Sterling Winthrop, Inc.*, 117 F.3d 50, 56 (2d Cir. 1997), held that a trademark in the name of a product does not confer a legal monopoly on any good or idea as it confers rights to a name only. The court reasoned that a trademark agreement, between private parties, does no more than regulate how the name of a product may be used; it does not in any way restrict the production or sale of competing products. The court in *California Packing Corp. v. Sun-Maid Raisin Growers of California*, 165 F. Supp. 245, 250-51 (S.D. Cal. 1958), similarly held that an agreement not to use a specific product name does not prevent the production and marketing of competing goods. How does Plaintiff attempt to distinguish these cases?

(4) What does Plaintiff claim to be the relevant market for purposes of his antitrust claims?

(5) Although Defendants Metro-Goldwyn-Mayer Studios Inc. and Mandalay Pictures LLC basically filed a joinder to the motion to dismiss, can the remaining causes of action (one through four) still pending against MGM and Mandalay form the basis for standing a claim under California Business and Professions Code Section 17200 for unlawful business practices?

(6) Are there any other issues the parties wish to address?

Dated: July 28, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE